

# EXHIBIT 2



# Notice of Service of Process

| | |
|---|---|
| **Primary Contact:** | Michael Parker<br>AIG Property Casualty<br>1271 Avenue of the Americas<br>Fl 37<br>New York, NY 10020-1303 |

| | |
|---|---|
| **Entity:** | National Union Fire Insurance Company of Pittsburgh, Pa.<br>Entity ID Number  0085137 |
| **Entity Served:** | National Union Fire Insurance Company Of Pittsburgh, PA |
| **Title of Action:** | Sun Coast Resources, Inc. vs. National Union Fire Insurance Company Of Pittsburgh, PA |
| **Matter Name/ID:** | Sun Coast Resources, Inc. vs. National Union Fire Insurance Company Of Pittsburgh, PA (16415304) |
| **Document(s) Type:** | Citation/Petition |
| **Nature of Action:** | Contract |
| **Court/Agency:** | Harris County District Court, TX |
| **Case/Reference No:** | 202471909 |
| **Jurisdiction Served:** | Texas |
| **Date Served on CSC:** | 10/22/2024 |
| **Answer or Appearance Due:** | 10:00 am Monday next following the expiration of 20 days after service |
| **Originally Served On:** | CSC |
| **How Served:** | Personal Service |
| **Sender Information:** | Hagans Law<br>713-222-2700 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

251 Little Falls Drive, Wilmington, Delaware 19808-1674   (888) 690-2882   |   sop@cscglobal.com

COPY OF PLEADING PROVIDED BY PLT

CAUSE NO. 202471909

Delivered
10/22/2024

RECEIPT NO: 1006238

TRACKING NO: 74393299 EML

| Plaintiff: | In The 055th |
| SUN COAST RESOURCES INC | Judicial District Court of |
| vs. | Harris County, Texas |
| Defendant: | 201 CAROLINE |
| NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURG PA | Houston, Texas |

**CITATION CORPORATE**

THE STATE OF TEXAS
County of Harris

**To:    NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH PA (A FOREIGN CORPORATION) MAY BE
SERVED VIA ITS REGISTERED AGENT CORPORATION SERVICE COMPANY
211 EAST 7TH STREET SUITE 620, AUSTIN TX 78701-3218**

Attached is a copy of: PLAINTIFF'S ORIGINAL PETITION

This instrument was filed on October 17, 2024 in the above cited cause number and court.
The instrument attached describes the claim against you.

**YOU HAVE BEEN SUED.**   You may employ an attorney.   If you or your Attorney do not file
a written answer with the District Clerk who issued this citation by 10:00 a.m. on the
Monday next following the expiration date of 20 days after you were served this citation and
petition, a default judgment may be taken against you.   In addition to filing a written
answer with the clerk, you may be required to make initial disclosures to the other parties
of this suit.   These disclosures generally must be made no later than 30 days after you file
your answer with the clerk.   Find out more at TexasLawHelp.org.

This citation was issued on October 21, 2024, under my hand and seal of said court.

Issued at the request of:

HAGANS, WILLIAM FRED
3200 TRAVIS 4TH FLOOR

HOUSTON, TX  77006-
713-222-2700
Bar Number: 08685500



*Marilyn Burgess*

Marilyn Burgess, District Clerk

Harris County, Texas
201 CAROLINE    Houston Texas
77002
(PO Box 4651, Houston, Texas
77210)

Generated By:ADILIANI SOLIS

**CAUSE NUMBER: 202471909**

---

PLAINTIFF: SUN COAST RESOURCES INC

In the 055th

vs.

Judicial District Court of

DEFENDANT: NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURG PA  Harris County, Texas

---

OFFICER – AUTHORIZED PERSON RETURN

Came to hand at _____ o'clock ___. M. on the _____ day of _____,
20_____. Executed at

(Address)_____
_____ in

_____ County    at    o'clock    ___.    M.    On    the    _____    day    of
_____, 20_____, by

Delivering to _____defendant, in person, a true
copy of this Citation together with the accompanying _____ copy (ies) of the «Attachment».
Petition attached thereto and I endorsed on said copy of the Citation the date of delivery.

To    certify    which    I    affix    my    hand    officially    this    _____day    of
_____, 20.

Fees $_____

_____
    By_____
        Affiant                                                                              Deputy

On  this  day, _____, known to me to be the
person whose signature appears on the foregoing return, personally appeared.  After being by
me duly sworn, he/she stated that this citation was executed by him/her in the exact manner
recited on the return.

SWORN TO AND SUBSCRIBED BEFORE ME, On this _____ day of _____,
20__.

_____
                                                                Notary Public

CAUSE NO. _____

| | | |
|---|---|---|
| SUN COAST RESOURCES, INC. | § | IN THE DISTRICT COURT OF |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| v. | § | |
| | § | HARRIS COUNTY, TEXAS |
| NATIONAL UNION FIRE | § | |
| INSURANCE COMPANY OF | § | |
| PITTSBURGH, PA, | § | |
| | § | |
| **Defendant.** | § | _____ JUDICIAL DISTRICT |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE COURT:

COMES NOW Sun Coast Resources, Inc. ("SCRI"), complaining of National Union Fire Insurance Company of Pittsburgh, PA ("AIG") and would show:

### I.    DISCOVERY CONTROL PLAN

1.    Plaintiff intends to conduct discovery under Level 3 of Tex. R. Civ. P. 190.4 and affirmatively pleads that this suit is not governed by the expedited actions process in Tex. R. Civ. P. 169.

### II.    CLAIM FOR RELIEF

2.    Plaintiff seeks monetary relief over $250,000 but not more than $1,000,000 pursuant to Tex. R. Civ. P. 47(c)(3).

### III.    PARTIES

1.    Plaintiff Sun Coast Resources, Inc. is a Texas corporation with its principal place of business at 6405 Cavalcade St., Building 1, Houston, TX 77026.

934241-4

2.      Defendant National Union Fire Insurance Company of Pittsburgh, PA

("AIG") is a foreign corporation which, on information and belief, maintains its principal

place of business in Pennsylvania. AIG is registered to do business in Texas as a foreign

corporation, is doing business in Texas, and may be served via its registered agent in Texas:

> Corporation Service Company
> 211 East 7th Street, Suite 620
> Austin, TX 78701-3218

## IV.   JURISDICTION AND VENUE

3.      This Court has subject-matter jurisdiction over the lawsuit because the

amount in controversy exceeds the minimum jurisdictional requirements. The Court has

personal jurisdiction over Defendant AIG because AIG purposefully availed itself of the

privileges and benefits of conducting business in the State of Texas, and it entered into a

contract to perform services in the State of Texas.

4.      Venue is proper in Harris County, Texas pursuant to Tex. Civ. Prac. & Rem.

Code § 15.002(a)(1) because it is the county in which all or substantially all of the events

or omissions giving rise to the claim occurred.

## V.   FACTUAL BACKGROUND

5.      From at least March 1, 2023, to March 1, 2024, AIG provided business auto

insurance coverage to SCRI under Policy Number 480-53-68. That Policy, along with its

endorsements (collectively the "Policy") provided coverage in the amount of $5,000,000

per accident.

6.      Item Two, Schedule of Coverages and Covered Autos, of the Policy provides

physical damage collision coverage for "owned autos." According to the Business Auto

Coverage Form in the Policy, owned autos are "those 'autos' you own (and for Covered Autos Liability Coverage any 'trailers' you don't own while attached to power units you own). . . ."

7.    Section III(A)(1)(c), Physical Damage Coverage, of the Policy specifically provides collision coverage caused by "(2) The covered 'auto's' overturn."

8.    The Additional Insured endorsement to the Policy amends the Policy language as to who is an insured. The endorsement provides coverage to "any person or organization . . . to whom you become obligated to include as an additional insured under this policy, as a result of any contract or agreement you enter into which requires you to furnish insurance to that person or organization of the type provided by this policy . . . . However, the insurance provided will not exceed the lesser of: (1) The coverage and/or limits of this policy, or (2) The coverage and/or limits required by said contract or agreement."

9.    SCRI and Certarus (USA) Ltd. ("Certarus") are parties to a Third Party Transport Agreement (the "Agreement"). The Agreement was executed on May 17, 2022. The Agreement requires SCRI to provide coverage for non-owned automobiles and trailers, including the Certarus trailer at issue in this case. The Agreement further provides that the per item limit must be written on a replacement cost basis.

10.    On May 16, 2023, the Policy was in full force and effect.

11.    On May 16, 2023, an SCRI employee was driving an SCRI owned tractor and hauling a Certarus owned trailer. The driver was approximately four miles away from his destination when the truck and trailer began to veer off the paved road.

12. The tractor and trailer overturned.

13. The trailer was determined to be a total loss.

14. The trailer's replacement cost was quoted at $598,000.000.

15. SCRI presented a claim to AIG for benefits under the Policy for the property damage to the Certarus trailer.

16. Between November 2023 and February 2024, SCRI, through its agent, Andrew Carlson with Sedgwick Claims Management Services (hereafter collectively referred to as "SCRI"), provided all documentation requested by AIG in support of the claim.

17. Between February 8, 2024, and June 18, 2024, SCRI followed up with AIG on at least nine (9) different occasions. SCRI repeatedly requested: a status update, information about whether AIG was going to resolve the claim, an explanation if AIG was going to deny the claim, and/or information on when SCRI could expect a decision.

18. In response to each of those communication attempts, AIG either did not respond to SCRI's requests, or AIG merely responded with comments stating that it was "working on this" or was "following up" with underwriting.

19. On or around May 30, 2024, AIG told SCRI that it "did not expect [the claim] to be a denial" and further explained that the Policy provided coverage for the Certarus trailer as required in the Agreement.

20. On several occasions, AIG stated that they were submitting for settlement authority.

21. However, AIG has not communicated with SCRI since June 18, 2024.

22.	As of the date of filing of this action, AIG has not paid any benefits to SCRI or Certarus.

## VI.	CAUSES OF ACTION

### A.	Breach of Contract.

23.	SCRI repeats and re-alleges all preceding paragraphs as if set forth fully herein.

24.	SCRI's Policy with AIG is a contract of insurance.

25.	SCRI paid to AIG all premiums and charges due under the terms of the Policy and performed all necessary obligations and conditions under the Policy.

26.	The contract of insurance affords SCRI coverage in amount of $5,000,000 per accident.

27.	SCRI repeatedly requested and is owed the benefits described in the insurance contract.

28.	AIG has unreasonably delayed payment of the benefits for the damages incurred by SCRI as a result of the May 16, 2023, crash.

29.	AIG breached the insurance contract based on its refusal to pay SCRI's benefits.

30.	As a direct and proximate result of AIG's breach of contract, SCRI suffered damages in amounts to be proven at trial.

### B.	Breach of the Duty of Good Faith and Fair Dealing.

31.	SCRI repeats and re-alleges all preceding paragraphs as if set forth fully herein.

32.     SCRI's Policy with AIG is a contract of insurance.

33.     At all times relevant to this action, AIG and SCRI had an insurer/insured relationship.

34.     AIG owes SCRI a duty of good faith and fair dealing.

35.     AIG's failure to adequately and reasonably investigate and evaluate SCRI's claim, even though AIG knew or should have known by the exercise of reasonable diligence that liability was reasonably clear, constitutes a breach of the duty of good faith and fair dealing.

36.     AIG breached its duties of good faith and fair dealing by engaging in unreasonable acts and conduct, including delaying payment of a claim when liability was reasonably clear.

37.     AIG intentionally and/or recklessly disregarded its own internal procedures and/or industry standards in delaying SCRI's entitlement to benefits as referenced above.

38.     AIG's intentional and/or reckless breach of its duty of good faith and fair dealing has caused, and continues to cause, SCRI significant economic and non-economic injury, including emotional distress.

39.     Accordingly, SCRI is entitled to and seeks all remedies for AIG's bad faith breach of the insurance contract.

C.      **Attorneys' Fees.**

40.     AIG's conduct has made it necessary for Plaintiff to employ the undersigned attorneys to prosecute this action.  Pursuant to Tex. Civ. P. & Rem. Code § 38.001, *et seq.*, Tex. Civ. P. & Rem. Code 134.001, *et seq.,* and Tex. Bus. & Com. Code § 17.50(d),

6

Plaintiff is entitled to recover from AIG its reasonable and necessary attorneys' fees and expenses, along with conditional awards of attorneys' fees and expenses in the event of any and all appeals.

## VII.    CONDITIONS PRECEDENT

41.    SCRI alleges that all conditions precedent/notices for the filing and prosecution of SCRI's claims against AIG and the recovery of the damages sought herein have been satisfied or have been waived by AIG.

## VIII.    DAMAGES

42.    As a direct and proximate result of AIG's actions and inactions, Plaintiff seeks the following damages:

a.   Actual and consequential damages;

b.   Reasonable and necessary attorneys' fees and expenses incurred in connection with the prosecution of this action, along with a conditional award of reasonable and necessary fees in the event of any appeal;

c.   Prejudgment and post-judgment interest as provided by law;

d.   Costs of suit; and

e.   Such other and further relief to which Plaintiff may be entitled.

## IX.    REQUEST FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, Plaintiff SCRI respectfully prays that Defendant AIG be cited and appear and answer and that upon final hearing of the cause, judgment be entered for the Plaintiff against the Defendant, and such other and

further relief to which Plaintiff may show itself to be justly entitled, whether at law or in equity.

Respectfully submitted,

**HAGANS**

By: */s/ William Fred Hagans*
    William Fred Hagans
    State Bar No. 08685500
    fhagans@hagans.law
    Stephanie M. Taylor
    State Bar No. 24055612
    staylor@hagans.law

3200 Travis Street, Fourth Floor
Houston, Texas 77006
Telephone: (713) 222-2700
Facsimile: (713) 547-4950

**Attorneys for Sun Coast Resources, Inc.**

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Faith Falcon on behalf of Fred Hagans
Bar No. 08685500
ffalcon@hagans.law
Envelope ID: 93208439
Filing Code Description: Petition
Filing Description: Plaintiff's Original Petition
Status as of 10/16/2024 9:43 AM CST

Associated Case Party: Sun Coast Resources Inc

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| William FredHagans | | fhagans@hagans.law | 10/16/2024 9:24:24 AM | SENT |
| Faith Falcon | | ffalcon@hagans.law | 10/16/2024 9:24:24 AM | SENT |
| Stephanie Taylor | | staylor@hagans.law | 10/16/2024 9:24:24 AM | SENT |